**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NORMAN JOHN CRAIG,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JOHN D'AGOSTINI,<br><br>　　　　　Respondent. | No. 2:21-CV-1198-JAM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner, an inmate proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Petitioner's first amended petition for a writ of habeas corpus, ECF No. 5.

　　　　Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that Petitioner is not entitled to federal habeas relief on two of his three claims.

　　　　In his first amended petition, Petitioner appears to raise three claims. First, Plaintiff argues that he received ineffective assistance of counsel in an underlying criminal case. See ECF No. 1, pg. 3. Second, Petitioner alleges that he was "victimized" by another inmate in May 2021 and later "punished" for reporting a crime. See id. at 4. Third, Petitioner contends that his "mail has been circumvented and fraudulently marked by someone and returned." Id. at 5.

1    When a state prisoner challenges the legality of his custody – either the fact of
2    confinement or the duration of confinement – and the relief he seeks is a determination that he is
3    entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ
4    of habeas corpus under 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973);
5    see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49
6    F.3d 583, 586 (9th Cir. 1995) (per curiam).  Where a prisoner challenges the conditions of
7    confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights
8    action under 42 U.S.C. § 1983.  See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); see
9    also Skinner v. Switzer, 131 S.Ct. 1289, 1298-99 n.13 (2011) (stating that ". . .when a prisoner's
10   claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas
11   corpus' and may be brought, if at all, under § 1983").  Any claim that does not necessarily
12   shorten an inmate's incarceration, if successful, falls outside the scope of habeas jurisdiction.
13   See Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011); see also Wilkerson v. Wheeler, ___
14   F.3d ___, 2014 WL 6435496 (9th Cir. 2014) (discussing loss of good-time credits); Nettles v.
15   Grounds, 788 F.3d 992 (9th Cir. 2015) (discussing loss of good-time credits).  Thus, 28 U.S.C.
16   § 2254 cannot be used to challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot
17   be used to challenge the fact or duration of confinement.
18    Here, Petitioner's first claim appears to relate to the fact or duration of his
19   confinement and is thus potentially cognizable under § 2254.  Petitioner's second and third
20   claims, however, both of which relate to the conditions of Petitioner's confinement, are not
21   cognizable under § 2254 and should be dismissed.
22   / / /
23   / / /
24   / / /
25   / / /
26   / / /
27   / / /
28   / / /

Based on the foregoing, the undersigned recommends that Petitioner's second and third claims be summarily dismissed and that this action proceed on the first amended petition on Petitioner's first claim of ineffective assistance of counsel only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 15, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE