IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN JOHN CRAIG,<br><br>Petitioner,<br><br>v.<br><br>JOHN D'AGOSTINI,<br><br>Respondent. | No. 2:21-CV-1198-DAD-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, an inmate proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Respondent's unopposed motion to dismiss, ECF No. 27. Respondent has lodged relevant state court records in support of the motion, ECF No. 28. Respondent argues the sole remaining claim is premature because proceedings remain pending in state court.

This action proceeds on the first amended petition. See ECF No. 5. In his first amended petition, Petitioner appears to raise three claims. First, Plaintiff argues that he received ineffective assistance of counsel in an underlying criminal case. See ECF No. 5, pg. 3. Second, Petitioner alleges that he was "victimized" by another inmate in May 2021 and later "punished" for reporting a crime. See id. at 4. Third, Petitioner contends that his "mail has been circumvented and fraudulently marked by someone and returned." Id. at 5. Petitioner's second and third claims have been dismissed as claims relating to the conditions of confinement, which are not cognizable

in a habeas action brought under 28 U.S.C. § 2254.  See ECF No. 22 (District Judge order adopting findings and recommendations).  Petitioner's claim relating to ineffective assistance of counsel is the only remaining claims.

Respondent argues this claim is premature because state court proceedings in the underlying criminal case are ongoing.  See ECF No. 27.  State court records lodged in support of Respondent's motion indicate that Petitioner was found incompetent to stand trial.  See ECF No. 28.  On February 3, 2023, Petitioner filed a notice of change of address indicating he is now housed in the El Dorado County Jail.  See ECF No. 26.  There is no indication, however, that Petitioner has been adjudged competent to stand trial or that his state court criminal proceedings have been concluded.  The Court notes that Respondent's motion was filed in February 2023 and Petitioner has not filed an opposition.

Principles of comity and federalism require that this Court abstain and not entertain Petitioner's pre-conviction habeas challenge unless he shows that: (1) he has exhausted available state judicial remedies, and (2) "special circumstances" warrant federal intervention. See Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.1980).  Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other special circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate.  See id. at 84 (citing Perez v. Ledesma, 401 U.S. 82, 85 (1971)).  In his petition, Petitioner makes no such showing of "special circumstances" warranting federal intervention before the trial is held and any appeal is completed.  See id.  This Court should abstain and dismiss this action without prejudice.  The alleged problems that Petitioner claims he is enduring are matters that can and should be addressed in the first instance by the trial court, and then by the state appellate courts, before he seeks a federal writ of habeas corpus.

/ / /

/ / /

/ / /

/ / /

Based on the foregoing, the undersigned recommends that Respondent's unopposed motion to dismiss, ECF No. 27, be granted and that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 14, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE